IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FERNE C. WILLIAMS<br>937 West Avenue<br>Springfield, PA 19064<br><br>        Plaintiff,<br><br>    v.<br><br>PERSHING, LLC<br>10 Valley Stream Parkway<br>Malvern, PA 19355<br><br>        Defendant. | Civil Action Complaint<br><br>No. _____<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, Ferne C. Williams, by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to seek redress against Defendant, her employer, for unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 1981, and other applicable law.

### II. The Parties

2. Plaintiff, Ferne C. Williams (hereinafter "Plaintiff"), is an adult individual currently residing at the above address.

3. Defendant, Pershing, LLC (hereinafter "Defendant"), is a limited liability company created and existing pursuant to the laws of the Commonwealth of Pennsylvania, with a corporate headquarters at One Pershing Plaza, Jersey City NJ, 07399 and a principal place of business at the above address.

4. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant hereto, acted within the scope of his or her job duties.

5. Defendant is an "employer" within the meaning of Title VII because it is engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

### III. Jurisdiction and Venue

6. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

9. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the unlawful actions set forth herein).

### IV. Procedural and Administrative Remedies

10. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

11. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII as follows:

    a. On or about June 3, 2010, Plaintiff filed a timely written charge of discrimination (Charge No. 530-2010-00547) against Defendant with the Philadelphia Office of the Equal Employment Opportunity Commission alleging retaliation;

    b. The EEOC issued a Notice of Right to Sue on the foregoing charge on or about July 12, 2010;

    c. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

    d. Plaintiff also cross-filed the aforementioned charge of discrimination with the Pennsylvania Human Relations Commission, and will amend this Complaint to include a charge under the Pennsylvania Human Relations Act when the applicable period for investigation has expired.

12. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

### V. Factual Background

13. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14. Plaintiff is an African American female.

15. Plaintiff has been employed by Defendant since June 1999.

16. Plaintiff is an Operations Manager of the Reconciliation Department, responsible for daily account reconciliation and voluntary Corporate Actions and Security Database maintenance.

17. Plaintiff filed a charge of racial discrimination with the Equal Employment Opportunity Commission and filed a Civil Action Complaint for racial discrimination on or about May 26, 2009 at Civil Action No. 2:09-cv-02426.

18. As a consequence of the litigation on the basis of racial discrimination, Plaintiff was given an annual review, for 2009 which was below expectations.

19. This review was not based on the documented facts but was clearly subjective in nature and therefore entirely retaliatory.

20. Plaintiff did not receive a bonus for 2009, unlike the rest of Plaintiff's staff who Plaintiff supervised.

21. Everyone received a merit increase except for Plaintiff because of her unfair annual review.

22. Plaintiff is the longest tenured manager as well as the lowest paid.

**Count I**
**Title VII – Retaliation**

23. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

24. In filing a charge of racial discrimination with the Equal Employment Opportunity Commission and in filing a Civil Action Complaint for racial discrimination, Plaintiff engaged in activity protected under Title VII.

25. The foregoing conduct by Defendant, in giving Plaintiff a negative performance evaluation as a result of her complaint of racial discrimination, constitutes unlawful retaliation against Plaintiff.

26. The foregoing conduct by Defendant, in failing to give Plaintiff a bonus for 2009 and a merit increase as a result of her complaint of racial discrimination, constitutes unlawful retaliation against Plaintiff.

27. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

### Count II
### Violations of 42 U.S.C. § 1981

28. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if set forth at length.

29. At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant (*i.e.*, an employment relationship).

30. At all times relevant herein Defendant acted by and through its agents, servants, and employees, to intentionally discriminate against Plaintiff as a result of her race (African-American) and thereby deny her the benefits of the contractual relationship she had entered with Defendant, by giving Plaintiff a negative performance evaluation and failing to give her a bonus.

31. Plaintiff has suffered damages as a direct result of Defendant's unlawful actions as aforesaid.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating against Plaintiff on the basis of her race and complaints of racial discrimination and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their race, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to be permanently enjoined from retaliating against Plaintiff, or any other employee, for engaging in conduct that is protected under federal or state law;

d. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendant until the date of verdict;

e. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

f. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

g. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

i. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

j. Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging – in illegal retaliation against Plaintiff or other witnesses to this action;

k. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein;

l. Plaintiff's claims against Defendant are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

TIMOTHY M. KOLMAN AND ASSOCIATES

By: /s/ Timothy M. Kolman, Esquire
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
Adam C. Lease, Esquire
Attorneys for Plaintiff
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134

October 11, 2010